Diane V. Weifenbach, Esq. (SBN 162053)
LAW OFFICES OF DIANE WEIFENBACH
5120 E. LaPalma Avenue, #209
Anaheim, CA 92807
Ph.: (714) 695-6637
Fax: (714) 643-7474
diane@attylsi.com

Attorneys for Secured Creditor U.S. BANK,
NATIONAL ASSOCIATION AS LEGAL TITLE
TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA  (LOS ANGELES)

| In Re: | ) | CASE NO.: 2:20-bk-19309-NB |
|---|---|---|
| | ) | |
| LIDIA ALICIA PEDONE, | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | **OBJECTION TO CONFIRMATION** |
| | ) | **OF CHAPTER 13 PLAN** |
| | ) | |
| | ) | Confirmation Hearing |
| | ) | Date: 12/17/2020 |
| | ) | Time: 9:30 a.m. |
| | ) | Ctrm: 302 |
| | ) | |
| | ) | |
| | ) | |

COMES NOW, U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE

TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST ("Creditor"), a secured creditor holding a

lien encumbering the real property located at 9995 Wornom Ave., Sunland, CA (the "Property")

and files the within Objection to confirmation of Debtor's Chapter 13 Plan as  follows:

///

///

1

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    STATEMENT OF FACTS

1.   This Creditor holds a Note and senior Deed of Trust encumbering Debtor's residence located at 9995 Wornom Ave., Sunland, CA(the "Property").

2.   Debtor's Bankruptcy case was filed on October 14, 2020.

3.   The most recent Bankruptcy case was filed by Debtor's non-filing spouse, Aurelio Pedone, on September 2, 2020, Case No. 2:20-bk-18061-SK.  Mr. Pedone filed a Motion for an Extension of the Automatic Stay stay in that case. Creditor objected on the grounds that there were no new change in circumstances and the case was not filed in good faith. The Court agreed, and denied Debtor's Motion to extend the automatic stay.

4.   That denial was followed by the instant  Bankruptcy case being filed by the Debtor herein, who has NO source of income independent of that claimed by her husband in his prior cases (i.e. his self-employment income and contributions by the Debtor's daughters).

5.   Nothing has changed since Mr. Pedone's case was filed and the Court denied his Motion.  In his prior 4 cases, he was relying on his ability to generate employment  income as well as a purported substantial contribution from his daughters. He was not successful in any of those four (4) cases, while the pre-petition arrears due and owing Creditor continue to grow.

6.   Creditor has filed a Proof of Claim evidencing pre-petition mortgage arrears of now no less than $260,982.48.

7.   Debtor herein is not employed.  At her creditor meeting the Chapter 13 Trustee advised that she was still waiting on the non-filing spouse's evidence of income as well as evidence of the purported $5,000 per month contribution from the Debtor's daughters.

8.   The Debtor's Plan is not feasible as there is not sufficient income to pay the substantial pre-petition arrears due and owing Creditor.

9.   Debtor lists no other creditors in her Schedules.

2

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

10. The sole purpose for filing this Bankruptcy case, which is number five (5) between the Debtor and her spouse, is to thwart Creditor's foreclosure sale. All of the prior cases filed so far have resulted in dismissal.

11. The monthly payment to Creditor alone totals no less than $8,412.41.

12. Debtor's Schedules reveal there is no deduction in her spouse's employment income for income and self-employment taxes.

13. Debtor has no personal income, all income comes from her non-filing spouse and a purported substantial contribution from her daughter(s).

14. This case, as well as this Plan, were filed in bad faith and cannot be confirmed.

## II. <u>MEMORANDUM OF POINTS & AUTHORITIES</u>

Application of the provisions of *11 U.S.C. Section 1325* determines when a Plan shall be confirmed by the Court.   Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed because it violates various provisions of *Section 1325*.

### A.   <u>DEBTOR WILL NOT BE ABLE TO MAKE ALL PAYMENTS UNDER THE PLAN</u>
*11 U.S.C. §1325(a) (6)*

*Section 1325(a) (6)* requires that a proposed Plan be feasible in such a form that "the debtor will be able to make all payments under the plan and to comply with the plan." Courts have held that where a debtor does not have sufficient income to pay her reasonable expenses and the proposed plan payment, the plan is not feasible as required by *Section 1325(a)(6)* and confirmation must be denied.

The Debtor has the burden of proving that the Plan is feasible. (*In re Endicott*, 157 BR 255, 263 (Banker. W.D. Va. 1993)).  Debtor's Plan discloses her admission that she does not generate income to fund a Plan, her non-filing spouse has not been able to confirm a Plan despite

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

four (4) prior attempts, he has not provided proof of income, and Debtor relies on a substantial

purported contribution from her daughters to pay her expenses.  This Debtor does not have

sufficient income to fund any Plan which would pay Creditor's arrears in full. The Plan cannot

be confirmed

**B.    NEITHER THE PLAN NOR THE BANKRUPTCDY CASE WERE FILED IN GOOD FAITH**
*11 U.S.C. Section 1325(a)(3)*

*Section 1325(a)(3)* provides that the Court shall confirm a Plan if the Plan has been

proposed in good faith and not by any means forbidden by law.  The Plan has not been filed in

good faith because the Debtor does not generate sufficient net disposable income to fund the

proposed Plan.  She relies on a substantial contribution from her daughters, which have

heretofore not come to fruition in her husband's prior cases, nor is there any proof of income

which has been provided.  Debtor has no other creditors, does not have the ability to pay

Creditor's ongoing monthly mortgage payment and the substantial pre-petition arrears.

Courts construing the "good faith" requirement have generally coupled this standard to

the rehabilitative goals of Chapter 13, holding that it is necessary that the debtor show that its

filing presupposes a "valid reorganizational purpose", thereby requiring that there be some

showing of the <u>need for rehabilitation</u>, in order to justify the discharge that would be granted to

a good faith reorganized debtor.  There is no ability for rehabilitation in this case.

The legitimate goal of a Chapter 13 is a distributive and reorganization purpose.  The

Debtor has no such ability in this case, as is evidenced by her Plan which provides for Plan

payments which the Debtor knows she cannot make.  This Debtor has no other creditors other

than this creditor listed in her Schedules, her non-filing spouse's four (4) prior cases have been

dismissed.  This Plan was not proposed filed in good faith and cannot be confirmed.

///

///

///

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

### C. **DEBTOR'S PLAN PROVIDES FOR AN UNSUBSTANTIATED CONTRIBUTION FROM HER DAUGHTERS, AS DID HER HUSBAND'S PRIOR CASES**

The facts are spelled out by the Debtor herself, neither she nor her spouse generate sufficient net monthly income to meet her monthly expenses, including the post-petition mortgage payment and make a Plan payment.  She relies on a purported gratuitous contribution of $5,000 from her daughters, as did her non-filing spouse in his prior case(s).  There is no evidence of this income. There is nothing in the Bankruptcy Code which qualifies this contribution as a regular source of income and a monthly payment compliant with the Code cannot be offered.  The Debtor has proffered no evidence or legal authority on this issue, her Plan does not satisfy *Section 1325(a)(6)* and cannot be confirmed.

**WHEREFORE,** based on the foregoing, Creditor objects to confirmation of the Plan and requests as follows:

a.     The Plan be denied confirmation and the case be dismissed with prejudice;

b.     For attorney's fees and costs incurred herein.

c.     For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: December 4, 2020

LAW OFFICES OF DIANE WEIFENBACH

By:     /s/ Diane Weifenbach
DIANE V. WEIFENBACH, Attorneys for
Secured Creditor U.S. BANK, NA AS LEGAL
TITLE TRUSTEE FOR TRUMAN 2016 SC6
TITLE TRUST

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

5120 E. La Palma Ave #209, Anaheim, CA 92807

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ____12/4/2020____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Debtors' Attorney: Pro Se
Chapter 13 Trustee: Kathy A. Dockery - efiling@CH13LA.com
US. Trustee: ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ____12/4/2020____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor:
Aurelio Pedone
9995 Wornom Ave
Sunland, CA 91040

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/4/2020 | Hope Upham | /s/ Hope Upham |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**